# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALIA SAAED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-083 |
| | ) | |
| SAVANNAH SOLOMON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Alia Saaed filed this case against FBI Special Agent Savannah Solomon and Assistant United States Attorney Frank Pennington alleging that affidavits in support of warrants contained material falsehoods and omissions. *See generally* doc. 1. Given that both defendants acted pursuant to federal law, her claims arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). She also seeks leave to proceed *in forma pauperis*. Doc. 2. Since it appears that she lacks sufficient funds to pay the required filing fee, her request to proceed *in forma pauperis* is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen her Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Saaed's claims arise from her prior prosecution in this Court. *See United States v. Saaed*, CR421-112, doc. 1 (S.D. Ga. June 9, 2021) (Indictment). In that case, she was charged with multiple counts of

cyberstalking and interstate stalking. *See, e.g.,* CR421-112, doc. 71 (S.D. Ga. Dec. 7, 2021) (Superseding Indictment). As alleged in her Complaint, the underlying facts of the criminal case concerned a dispute between Saaed, an ex-romantic partner, Ramez Sayegh, and Sayegh's partner, Athena Georgaidis. *See* doc. 1 at 2-3. As stated in her Complaint, she is "seeking damages for SA Solomon and AUSA Pennington's brazen violations of [her] Fourth Amendment rights." *Id.* at 3.

Saaed's claims against AUSA Pennington may be resolved with dispatch.[1] Prosecutors are immune from civil liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *see also, e.g., Ratfield v. Cohen*, 2022 WL 14786008, at *2 (11th Cir. Oct. 26, 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) ("As federal prosecutors, [the defendants] are entitled to absolute immunity for actions undertaken in their roles as advocates for the government."). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even

---

[1] The caption of Saaed's Complaint lists only Defendant Solomon. *See* doc. 1 at 1. However, the body of the Complaint indicates that Saaed asserts claims against AUSA Pennington. *See, e.g., id. But see id.* at 27-28 (listing only Solomon in a section entitled "Causes of Action"). Despite the ambiguity, the Court construes Saaed's Complaint as asserting a claim against Pennington.

when accused of perjury. *Id.; see also Imbler*, 424 U.S. 409 (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Since the Court can discern no allegation in the Complaint that

implicates Pennington's conduct outside of his prosecutorial role, he is absolutely immune. Saaed's claims against AUSA Pennington should, therefore, be **DISMISSED**.

The Supreme Court has recently "emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (internal quotations and citation omitted). The Court has recognized such claims only in extremely limited circumstances, including Fourth Amendment claims arising out of alleged excessive force, Fifth Amendment sex-discrimination claims, and Eighth Amendment "inadequate-care claim[s]." *Id.* at 490-91 (citations omitted). "Since these cases, the Court has not implied additional causes of action under the Constitution." *Id.* at 491. *Egbert* imposes a specific rubric for courts to consider whether a *Bivens* claim can be asserted in "a new context." *Id.* at 491-92. Notwithstanding the Supreme Court's more recent clarification concerning the scope of *Bivens* claims, the Eleventh Circuit has long recognized *Bivens* claims analogous to the common law tort of malicious prosecution. *See generally Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998). Allegations of impropriety in procuring legal process, whether a search warrant or arrest warrant, implicate malicious

prosecution. *See, e.g., Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994). Although it is not entirely clear that the recognition of such a claim remains sound, given the Supreme Court's admonitions concerning *Bivens* claims, such uncertainty cannot be resolved at the screening stage. *Cf. Jones v. Bock*, 549 U.S. 199, 215 (2007).

Saaed's claims against Defendant Solomon concern allegations that Solomon procured warrants for a search of Saaed's home and her arrest based on "intentional false statements and highly material omissions." Doc. 1 at 4. Although Saaed does not specify, it appears that the challenged statements appear in the affidavits in support of both warrants. While Saaed's Complaint appears to sufficiently allege the material falsehoods and omissions from the unspecified warrant affidavit, *see id.* at 4-27, *Uboh* acknowledged that "in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." 141 F.3d at 1004. Saaed's allegation concerning the termination of the underlying prosecution is, at best, vague, but nevertheless sufficient. *See* doc. 1 at 3 (alleging that the Government "dismissed the case and in exchange for Alia's safety from

6

Sayegh, required that Alia must never be allowed to 'reference' Sayegh again, except to an attorney."); *see also, e.g.,* CR421-112, doc. 141 (S.D. Ga. Apr. 10, 2023) (dismissing the indictment "without prejudice"). While the Court cannot, and does not, conclude that Saaed's Complaint adequately alleges any malicious prosecution claim against Defendant Solomon, her allegations are sufficient for service.

In summary, Saeed's claims against Defendant Pennington should be **DISMISSED**, as he enjoys absolute prosecutorial immunity. Her *Bivens* malicious prosecution claim against Defendant Solomon is sufficient for service. Since Saeed has been authorized to proceed *in forma pauperis*, she is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves her *Bivens* malicious prosecution claims for service, a summons, a copy of her Complaint, doc. 1, and this Order and Report and Recommendation, shall be served by the United States Marshal upon Defendant Solomon without prepayment of cost. Fed. R. Civ. P. 4(i). The Marshal is further **DIRECTED** to send copies of the summons and Complaint by registered or certified mail to the Attorney General of the United States and the United States Attorney for the Southern District of Georgia. *See* Fed. R.

7

Civ. P. 4(i)(1). The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in her address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a

Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining her own records of the case. If Plaintiff loses papers and needs new copies, she may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press her case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit her deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file her own version of the Proposed Pretrial Order.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that she does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure

to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if she wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 16th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA