UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALIA SAAED,                        )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          CV425-083
                                   )
SAVANNAH SOLOMON,                  )
                                   )
          Defendant.               )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Alia Saaed filed this case against FBI Special Agent Savannah Solomon and Assistant United States Attorney Frank Pennington alleging that affidavits in support of warrants contained material falsehoods and omissions. *See generally* doc. 1. The Court screened her Complaint, doc. 7, directed service of her claims against Defendant Solomon, *id.* at 7-8, and dismissed her claims against Defendant Pennington, doc. 11. Defendant Solomon moved to dismiss Plaintiff's Complaint, doc. 14, and in response Plaintiff filed an Amended Complaint, doc. 19; *see also* doc. 21 (dismissing Motion to Dismiss as moot). Defendant Solomon moved to dismiss the Amended Complaint. Doc. 24. Over six months have passed, and Plaintiff has not responded to Defendant's Motion to Dismiss her Amended Complaint. *See* doc. 24

1

(filed August 7, 2025); *see generally* docket.  Plaintiff was explicitly warned that her "case may be dismissed for lack of prosecution if [she] fails to respond to a motion to dismiss."  Doc. 7 at 10.

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  As another Court in this Circuit has observed: "[t]he Court cannot proceed with a case where Plaintiff fails to respond to dispositive motions despite the advisement of court orders." *Acevedo v. Thomas*, 2021 WL 11678719, at *1 (N.D. Fla. July 15, 2021). Plaintiffs' failure to comply with the Court's Order and to prosecute her case warrants dismissal.

Accordingly, Plaintiff's Amended Complaint should be **DISMISSED**. [1] Doc. 19; *see, e.g.,* Fed. R. Civ. P. 41(b). This Report and Recommendation (R&R) is submitted to the district judge assigned to these actions, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

---

[1] To the extent that plaintiff files an objection to this Report and Recommendation and wishes to pursue this case, she must explain her failure to respond to the Defendant's Motion to Dismiss. She must also submit a proposed response to that Motion, doc. 24. Whether that response may be considered in opposition to the Motion will depend upon the reasons for the approximate six-month delay in its submission.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED** this 18th day of February, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA